UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARY M. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:08-cv-1276-WTL-DML |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON JUDICIAL REVIEW**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Mary M. Williams seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding that her disability ended as of August 2005. The Court rules as follows.

**PROCEDURAL HISTORY**

Ms. Williams was seriously injured in an automobile accident in January 1997. She was found disabled as a result of her injuries in a decision dated October 13, 1998. In 2005, as a result of a continuing disability review, Ms. Williams was determined to be no longer disabled as of August 2005. This determination was upheld upon reconsideration. A hearing was held before an administrative law judge ("ALJ") on November 3, 2006, at which Ms. Williams was represented by counsel. The ALJ found that Ms. Williams's disability ended in August 2005. After the Appeals Council denied review of the ALJ's decision, Ms. Williams, now acting *pro se*, filed this timely appeal.

## **APPLICABLE STANDARD**

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 404.1520(b). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id*., and this court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Id.*

## DISCUSSION

The ALJ found at step one that Ms. Williams was not engaging in substantial employment on August 1, 2005, the date her disability ended. She had worked answering phones for a tax service for 28 days in 2004, but that job did not last long enough to constitute substantial gainful employment. At step two, the ALJ found that Ms. Williams had not developed any additional impairments since she was found to be disabled in 1998. At step three, the ALJ found that while Ms. Williams previously had suffered from a listed impairment, due to a right leg fracture and a left ankle fracture requiring the use of a quad cane, as of August 1, 2005, that was no longer the case. At step four, the ALJ concluded that Ms. Williams's condition had improved such that as of August 2005 she had the residual functional capacity ("RFC") to perform the full range of light work but was nonetheless unable to return to her past relevant work as a warehouse worker. At step five, the ALJ utilized the Medical-Vocational Guidelines, which, in light of Ms. Williams's age, education, and RFC dictated a finding that she was no longer disabled.

Ms. Williams advances no specific objections to the ALJ's decision.[1]  As noted above, the Court's review of the ALJ's decision is limited to whether the decision is supported by substantial evidence and is free from legal error.  It is both.  The ALJ set out the applicable law in his decision and correctly applied that law to the facts before him.  The ALJ's determination that Ms. Williams can perform light work is supported by substantial evidence–specifically the opinions of the two state agency consultants who examined her records.  The ALJ determined that their opinions were consistent with Ms. Williams's activities of daily living and with the report of Dr. Alaiwa, who performed a consultative examination of her.  While Ms. Williams's treating physician, Dr. Gregori, opined that Ms. Williams was limited to sedentary work with the option to stand briefly every thirty minutes or so, the ALJ sufficiently explained his reasons for not giving Dr. Gregori's opinion controlling weight.

The ALJ fulfilled his duty to explain his decision, correctly applied the applicable law, and reached a conclusion that is supported by substantial evidence.  Accordingly, this Court must affirm his decision.

## CONCLUSION

For the reasons discussed at length above, the decision of the Commissioner is **AFFIRMED**.

---

[1] Ms. Williams notes that she has been out of the workforce for over twelve years and states that given her age (56)  her "chances for successful employment in this economy are a million to one" given her physical and educational limitations.  Unfortunately, the Court may not take the state of the economy into account; the question is not whether there job vacancies for which Ms. Williams is qualified, but rather whether jobs (filled or unfilled) exist that are consistent with Ms. Williams's RFC.  In addition, the Court notes that Ms. Williams's age and education are taken into account in the Medical-Vocational Guidelines that were applied by the ALJ.

SO ORDERED: 02/22/2010

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copy via U.S. Mail to:

MARY M. WILLIAMS
2915 N Denny St.
Indianapolis, IN 46218

Copies to all counsel of record via electronic notification